SAVOIE, Judge.
This case arises from a ruling of the Board of Tax Appeals adverse to the Secretary of the Department of Revenue and Taxation, appellant herein. The adverse ruling was rendered on February 6, 1980. Rule 14 of the Board of Tax Appeals pro *206 vides: “Rehearing may be granted on application filed within seven days after notice of judgment has been received by the applicant.” Allegedly, counsel for the appellant appeared before the Board on the 7th day after notice of judgment had been received and orally asked for a rehearing. The oral motion is not reflected in the record. A formal written motion for rehearing was filed on March 4, 1980. This motion or application for rehearing was denied by the Board of Tax Appeals by judgment signed on January 12,1981. The grounds for denial were that the application for rehearing was not timely filed. On February 2, 1981, the appellant filed a petition for review by the District Court for the 19th Judicial District, Parish of East Baton Rouge, State of Louisiana. A motion to dismiss was filed on behalf of the appellees on April 15,1981; notice of order of judgment was filed June 30, 1981; written reasons for judgment were filed June 30, 1981; and formal judgment was signed July 7, 1981. The judgment of the District Court was that the motion to dismiss was granted and the appeal of the Secretary of the Department of Revenue and Taxation from the decision of the Board of Tax Appeals was dismissed. From the judgment of dismissal, the Secretary has appealed.
The trial judge assigned written reasons which we attach hereto as an appendix. We have carefully examined the record and find that the reasons assigned by the trial judge are fully supported by the record and adopt them as our own.
The judgment appealed from is, therefore, affirmed, at appellant’s cost.
AFFIRMED.
‘APPENDIX”
TOM S. GREENBERG, ET AL. VS. SECRETARY OF THE DEPARTMENT OF REVENUE AND TAXATION
NUMBER 243,532 DIVISION D 19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
This matter is before the court on a motion to dismiss appeal by Tom S. Greenberg and Dr. E. Pailet (appellees). Judgment adverse to the Secretary of the Department of Revenue and Taxation (appellant) was rendered by the Board of Tax Appeals on February 6, 1980. Rule 14 of the Board of Tax Appeals rules provides: “Rehearing may be granted on application filed within seven days after notice of judgment has been received by the applicant.”
On the seventh day, counsel for appellant appeared before the Board, noted that it was his last day to apply for a rehearing and asked for more time. Evelyn G. Gravel, Chairman of the Board of Tax Appeals testified that she told him, “We’ll protect your rights.” The application for rehearing was filed on March 4, 1980. This application for rehearing was denied by a judgment signed on January 12, 1981. Appellant filed its Petition for Review on February 2, 1981. Appellees argue that because the application for rehearing was not timely filed, it did not extend the time for filing of the petition for review and that the appeal should be dismissed.
The question before the court is whether the Board of Tax Appeals has the authority to waive the operation of its rules. The Board’s authority in these matters is statutory. R.S. 47:1413 provides:
In all other matters regarding the conduct of its hearings, the Board may prescribe and promulgate rules and regulations not inconsistent with law or the provisions of this chapter, which rules and regulations when prescribed, adopt *207 ed, and promulgated shall be binding upon parties litigant in any cause over which the jurisdiction of this Board shall extend.
While the Board may change its rules pursuant to proper procedure, absent special circumstances, an administrative agency may not waive, suspend, or modify the operation of its own rules and regulations in individual cases. No special circumstances are apparent in this matter, and the above rule is mandatory: “shall be binding ...” Therefore, the application for rehearing was untimely. As such, it did not interrupt or suspend the running of time for the filing of a petition for judicial review under R.S. 47:1434.
For the above reasons, appellees’ motion to dismiss appeal is granted. Judgment will be signed accordingly.
BATON ROUGE, LOUISIANA, this 30th day of June, 1981.
/s/ Melvin A. Shortess JUDGE